5IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL ACTION |
| | : | No. 14-323-11 |
| SPENCER PAYNE | : | |

McHUGH, J.                                                                                              May 5, 2021

**MEMORANDUM**

       This is a motion for compassionate release under 18 U.S.C. § 3582. Petitioner Spencer Payne was found guilty of conspiracy to distribute 280 grams or more of crack cocaine, 21 U.S.C. §§ 846, 841(b)(1)(A), distribution of a controlled substance, 21 U.S.C. § 841(a)(1), (b)(1)(C), distribution of a controlled substance within 1,000 feet of a school, 21 U.S.C. § 860(a), the unlawful use of a communication facility in furtherance of a drug felony, 21 U.S.C. § 843(b), and possession with intent to distribute a controlled substance, 21 U.S.C. § 841(a)(1), (b)(1)(C). With a total offense level of 35 and a criminal history category of III, he faced a guideline range of 210 to 262 months in prison.

       In Mr. Payne's case, I varied downward from the Guidelines and imposed a sentence of 192 months. *See* ECF 956. Mr. Payne has served approximately 79 months of that sentence. Having properly exhausted his administrative remedies, he now seeks early release due to his medical circumstances in light of the COVID-19 pandemic. *See* Mot. Compassionate Release, ECF 1234. The motion was denied, and this memorandum sets forth my reasoning.

       The statute requires "extraordinary and compelling reasons" to grant a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A)(i). Mr. Payne's medical conditions likely place him at severe risk of illness should he contract COVID-19. However, I cannot conclude that release is

1

warranted in this case, given the seriousness of Payne's offenses and the significant time that remains in his sentence. I am further persuaded by the fact that Mr. Payne declined vaccination, a measure that would have dramatically decreased the risk posed to him by COVID-19.

Mr. Payne, a 53-year-old man, has been diagnosed with diabetes and thalassemia. According to the Centers for Disease Control and Prevention ("CDC"), these factors might lead to an increased risk of severe cases of COVID-19.[1] Payne also argues that release is warranted because FCI Loretto, the institution where he is incarcerated, is "ill-equipped to contain the pandemic." *See* Mot. Compassionate Release 1. He likely bases this contention on the fact that approximately 85 percent of inmates at FCI Loretto have contracted COVID-19. *See* Govt. Resp. Opp'n. 7, ECF 1306. Currently, however, the institution reports that it has vaccinated 44 percent of the current inmate population and that zero inmates have recently tested positive for COVID-19. *Id.* at 7–8.

In the abstract, Payne's diagnoses of diabetes and thalassemia could present extraordinary and compelling grounds for release. *See U.S. v. Harris*, No. 10-80, 2020 WL 7769843, *3 (W.D. Pa. Dec. 30, 2020). The Government, however, has provided medical records showing that Mr. Payne was offered the Pfizer vaccine on March 1, 2021, which the Food and Drug Administration recognizes as highly effective,[2] but that he declined it, apparently without any medical justification. *See* Govt. Resp. Opp'n 4; ECF 1309, at 27. I am not prepared to hold that declining the vaccine necessarily requires that compassionate release be denied, as the Government urges. *See* Govt. Resp. Opp'n 14. Nonetheless, Mr. Payne's refusal of a measure

---

[1] Centers for Disease Control and Prevention, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

[2] *See* Food and Drug Administration, Letter of Authorization for Pfizer-BioNTech COVID-19 Vaccine, https://www.fda.gov/media/144412/download.

2

that would increase his immunity drastically must play a significant role in my analysis of whether he is entitled to relief, absent a persuasive explanation for his refusal.

Overall, an analysis of all pertinent factors, including those set forth in 18 U.S.C. § 3553(a) weighs against release. Mr. Payne's offenses are serious—they involve a conspiracy to distribute large quantities of crack and cocaine, including sales near a university. He has served less than half of his sentence, which was already subject to a downward variance from the Guidelines. Furthermore, having reviewed multiple decisions from many district judges, Mr. Payne's case falls outside the matrix where release was granted. It is instead analogous to cases where relief was denied. *See United States v. Parks*, 17-296-01, 2021 WL 354413, at *7 (E.D. Pa. Feb. 2, 2021) (denying relief to a defendant with Type 2 diabetes that had served approximately one third of a total sentence of 110 months*); United States v. Burton*, No. 20-2748, 2021 WL 796413, at *2 (3d Cir. Mar. 2, 2021) (upholding denial of petition where a defendant with diabetes had served 15 percent of a 120-month sentence); *United States v. Hockett*, No. 12-162, 2020 WL 6063489, at *2 (W.D. Pa. Oct. 14, 2020) (denying relief to defendant with diabetes who had served little over half his sentence); *United States v. Gwaltney*, No. 3:17-cr-00381, 2020 WL 5983161, at *3 (D.N.J. Oct. 8, 2020) (denying relief to diabetic defendant who had served approximately one-third of his sentence).

Given the seriousness of Mr. Payne's offenses, the need to impose appropriate punishment, and considering his current medical conditions and option to increase his immunity against COVID-19, his release cannot be justified on the record as it now stands.

    /s/ Gerald Austin McHugh
United States District Judge